# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN A. NORDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8344 | **DATE** | November 29, 2011 |
| **CASE TITLE** | Sherman Horton (#K-71880) vs. Sheriff of Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

The clerk is directed to issue summonses for service of the complaint on the defendants.

■ **[For further details see text below.]**       **Docketing to mail notices.**

## STATEMENT

    The plaintiff, currently an Illinois state prisoner, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that a correctional officer at the Cook County Jail repeatedly molested inmate workers by inserting his finger into anuses during strip searches, and that the Cook County Sheriff ignored multiple complaints about the officer's alleged misconduct. The plaintiff, through counsel, purports class claims.

    Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states a colorable cause of action under the Civil Rights Act. Pretrial detainees retain constitutional rights, including the Fourth Amendment's protection against unreasonable searches and seizures, though subject to limitations based on the fact of confinement and the institution's need to maintain security and order. *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 545-56 (1979). In deciding whether a strip search is reasonable, the court must consider several factors, including: (1) the scope of the particular intrusion; (2) the manner in which it is conducted; (3) the place in which it is conducted; and (4) the justification for initiating it. *Id.* at 559; *Calvin v. Sheriff of Will County*, 405 F. Supp. 2d 933, 938 (N.D. Ill. 2005) (Gettleman, J.). Strip searches that are not related to legitimate security needs, that are designed to harass or humiliate, or that are motivated by sexual gratification may be found unconstitutional. *See, e.g., Johnson v. Phelan*, 69 F.3d 144 , 147 (7th Cir.
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

(1995); *Mays v. Springborn*, 575 F.3d 643, 649-50 (7th Cir. 2009). While a more fully developed record may belie the plaintiff's claims, the defendants must respond to the allegations in the complaint.

    The clerk shall issue summonses for service of the complaint on the defendants.